UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREGORY L. BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:17-cv-01247-JAR |
| ) | |
| THERAPY MANAGEMENT ) | |
| CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Gregory Brown's Motion for Partial Summary Judgment (Doc. 33), Defendant Therapy Management Corporation's Amended Motion for Partial Summary Judgment (Doc. 45), Plaintiff's Motion to Compel Financial Discovery (Doc. 37), and Defendant's unopposed Motion for Leave to File Opposition to Plaintiff's Motion to Compel Outside of Time (Doc. 54).

### Background[1]

Plaintiff is a fifty-year-old licensed Physical Therapy Assistant ("PTA") who began working for Defendant in May, 2015. Plaintiff was based at the Southbrook Rehabilitation Center in Farmington, Missouri, but Defendant also employed PTAs at its "Maplebrook," "Ashbrook," and "Parkwood Meadows" locations in Farmington and St. Genevieve, Missouri (the "Farmington Cluster"). Plaintiff has been legally blind since the age of ten and cannot drive, so he would usually walk the short distance from his home to the Southbrook facility.

---

[1] The facts are taken from Plaintiff's Statement of Uncontroverted Material Facts (Doc. 35), as responded to by Defendant (Doc. 64), and Defendant's own Amended Statement of Unconverted Material Facts filed in support of its Motion for Partial Summary Judgment (Doc. 47).

1

Although he was hired on a part-time, as-needed basis, Plaintiff routinely expressed his interest in a full-time PTA position. Plaintiff's program director assured Plaintiff that "she was working on getting him a full-time position and acknowledged that he was qualified for that position." In November, 2015, when one of Defendant's full-time PTA's left her position, Plaintiff reiterated his interest. Two days later, Plaintiff was told that the position had been filled. Thereafter, he requested a meeting with Matthew Cameron, Area Manager for the Farmington Cluster, who was responsible for filling the full-time PTA position. According to an email summary of the meeting that Cameron wrote to a human resource representative, he explained to Plaintiff that "the reason we felt he was not the right fit for the position" was that he was unable to "drive between facilities." (Doc. 35-13.) Plaintiff claims he told Cameron that he could travel between facilities so long as it was not an everyday occurrence. The newly hired full-time PTA held that position from November 2015 through April 2018—nearly two and one half years—and worked away from the Southbrook location only once: a four-day stretch totaling less than twenty-two hours of work.

On April 30, 2016, believing that Defendant's decision not to hire him for the full-time position was improperly based on his disability; Plaintiff filed a charge of discrimination with the Missouri Commission on Human Rights. In the months following, Plaintiff's part-time hours dropped dramatically. On several occasions, Plaintiff's hours were cut after he had been scheduled to work. In 2015, Plaintiff averaged more than 47 hours per month working part-time for Defendant. From May, 2016, when Defendant learned of Plaintiff's charge of discrimination, to March 2017, when Plaintiff filed his complaint, his monthly average was approximately 3.8 hours.

Plaintiff filed suit on March 1, 2017, alleging discrimination and retaliation in violation of the Missouri Human Rights Act and Title VII of the Civil Rights Act of 1964, seeking compensation including punitive damages. (Doc. 5) Defendant asserts, among other defenses, that its decision not to hire Plaintiff was based on his professional qualifications and work history. Plaintiff now moves for summary judgment on Count I of his complaint – disability discrimination in violation of Missouri Revised Statute § 213.055. Defendant seeks summary judgment on Plaintiff's claim for punitive damages. Meanwhile, Plaintiff seeks to compel discovery of Defendant's assets in pursuit of punitive damages.

## Discussion

### I. Cross Motions for Partial Summary Judgment

Pursuant to Federal Rule of Civil Procedure 56(a), a court may grant a motion for summary judgment only if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden is on the moving party. *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op. Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). In ruling on a motion for summary judgment, all reasonable inferences must be drawn in a light most favorable to the non-moving party. *Woods v. DaimlerChrysler Corp.*, 409 F.3d 984, 990 (8th Cir. 2005). The evidence is not weighed and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

Once the moving party demonstrates that there is no genuine issue of material fact, the nonmovant must do more than show there is some doubt as to the facts. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party bears the burden of setting forth affirmative evidence and specific facts by affidavit and other evidence showing a genuine factual dispute that must be resolved at trial. *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex*, 477 U.S. at 324. "A dispute about a material fact is 'genuine' only 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Herring v. Canada Life Assur. Co.*, 207 F.3d 1026, 1030 (8th Cir. 2000) (quoting *Anderson*, 477 U.S. at 248). Judgment as a matter of law is appropriate only when "the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party." Fed. R. Civ. P. 50(a).

a. *Plaintiff's Motion for Partial Summary Judgment on Count I – Disability Discrimination (Doc. 33)*

To establish a prima facie case of disability discrimination under the MHRA, Plaintiff must show: "(1) that [he] is statutorily 'disabled;' (2) that the employer failed to hire [him] for a position; (3) and that [his] disability was a factor in the decision not to hire [him]." *State ex rel. Sir v. Gateway Taxi Mgmt. Co.*, 400 S.W.3d 478, 489 (Mo. Ct. App. 2013) (citing *City of Clayton v. Com'n on Human Rights*, 821 S.W.2d 521, 527 (Mo. Ct. App. 1991)). A person is statutorily disabled if he has "an impairment that substantially limits a major life activity, but, with or without reasonable accommodation, does not impair his or her ability to perform the essential functions of the potential job." *Id.* (citing *Medley v. Valentine Radford Communications*, 173 S.W.3d 315, 320 (Mo. Ct. App. 2005); 8 C.S.R. 60-3.060(1)(F); Mo. Rev. Stat. 213.010(4). Major life activities include "communication, ambulation, self-care, socialization, education, vocational training, employment and transportation." *Id.* (quoting 8 C.S.R. 60-3.060(l)(C). Meanwhile, courts consider a number of factors when determining whether a function is essential: the employer's judgment as to which functions are essential; written job descriptions that predate the job posting; time spent performing the function on the job; the consequences of not requiring the job-holder to perform the function; and the work experience of employees performing similar jobs. *Moritz v. Frontier Airlines, Inc.*, 147 F.3d

784, 787 (8th Cir. 1998) (citing 29 C.F.R. § 1630.2(n)(3)). The parties disagree as to whether Plaintiff must show that his disability was a "motivating" factor in the hiring decision—as is required under the current version of the MHRA, Mo. Rev. Stat. § 213.010(19)—or merely a "contributing" factor—as was required in March 2017, when Plaintiff filed suit.

Defendant argues that summary judgment is improper because the parties dispute four facts central to Plaintiff's discrimination claim: (i) whether travel was an essential function of the full-time position; (ii) whether there was a written job description for the position that mentioned travel; (iii) whether Plaintiff's eyesight rendered him incapable of travel; and (iv) whether and to what extent Plaintiff's eyesight was a factor in Defendant's hiring decision. (Doc. 64 at 2-3.) A genuine issue of material fact precludes summary judgment. *Anderson*, 477 U.S. at 248. A fact is material if its existence or non-existence "might affect the outcome of the suit under the governing law." *Id.* "A dispute about a material fact is 'genuine' only 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Herring v. Canada Life Assur. Co.*, 207 F.3d 1026, 1030 (8th Cir. 2000) (quoting *Anderson*, 477 U.S. at 248).

The Court agrees that the factual disputes identified by Defendant are material and genuine. Whether travel was an essential requirement of the full-time PTA position requires a fact-intensive factors analysis that involves credibility determinations of conflicting testimony from multiple sources. For instance, Defendant presents deposition testimony from Cameron and Nicole Pizzo, the "Rehab Director" for the Farmington Cluster, stating that the position required the PTA to provide services at all of the Farmington Cluster facilities. (Doc. 66-2 at 111:2-11; 66-3 at 59:1-10.) Meanwhile, Plaintiff proffers testimony from Cameron and Defendant's Director of Human Resources Monica Gagnon, conceding that the general

5

requirements for a full-time PTA position did not include the ability to drive or travel. (Doc. 35-5 at 42:21-43:14; Doc. 35-6 at 25:22-25; 41:10-42:3; 49:12-24.) In response, Defendant cites Cameron's testimony that there never was a formal position description for the full-time Farmington Cluster position; he had simply converted a current PTA from as-needed to full-time. (Doc. 66-2 at 10:15-19.) In any event, Plaintiff testified that he told Cameron that he could travel to almost all of the other locations in the Farmington Cluster, so long as it was not on a daily basis. (Doc. 66-1 at 28:5-17; 28:23-29:3.) Cameron testified that Plaintiff told him that he could not travel between locations at all. (Doc. 66-2 at 25:16-19; 44:5-13; 62:23-25.) Lastly, Defendant points to testimony from Cameron that he had planned to promote the other as-needed PTA before the full-time position became available and that he had never considered Plaintiff because the other PTA was a "superior clinician." (Doc. 66-2 at 55:9-16; 66:8-11.) Yet in the same deposition, Cameron testified that Plaintiff's eye sight "precluded him from [the] full-time role" (*id.* at 67:5-10), and in his email summary of his conversation with Plaintiff, Cameron wrote that he told Plaintiff that his visual impairment meant he could not have the job (Doc. 35-13). These facts go to the heart of Plaintiff's discrimination claim and require factual and credibility determinations that are properly left to the jury. Because the parties cannot agree on them, summary judgment is not appropriate.

    b.    *Defendant's Amended Motion for Partial Summary Judgment on Punitive Damages (Doc. 45)*

Plaintiff seeks punitive damages flowing from Defendant's alleged discrimination and retaliation. (Doc. 5.) "A submissible case for punitive damages requires clear and convincing proof that the defendant intentionally acted 'either by a wanton, willful or outrageous act, or reckless disregard for an act's consequences (from which evil motive is inferred).'" *Howard v. City of Kansas City*, 332 S.W.3d 772, 788 (Mo. 2011) (quoting *Werremeyer v. K.C. Auto*

*Salvage Co.*, 134 S.W.3d 633, 635 (Mo. 2004) (en banc). "In determining whether the evidence was sufficient to submit the claim for punitive damages, the evidence and all reasonable inferences are viewed in the light most favorable to submissibility." *Ellison v. O'Reilly Auto. Stores, Inc.*, 463 S.W.3d 426, 434 (Mo. Ct. App. 2015) (citing *Howard*, 332 S.W.3d at 788).

The Court concludes that Defendant's request for summary judgment on Plaintiff's demand for punitive damages must also be denied. As discussed above, the parties dispute several factual issues central to the question of whether Defendant discriminated against Plaintiff. Those issues necessarily involve a determination as to Defendant's motivations and including whether its conduct was wanton, willful, outrageous, or reckless. The Court concludes that these determinations are properly left to the jury and that it cannot, at this point, say as a matter of law that Plaintiff lacks a submissible case for punitive damages. Therefore, Defendant is not entitled to summary judgment.

II. Plaintiff's Motion to Compel Financial Discovery (Doc. 37)

In pursuit of his demand for punitive damages, Plaintiff seeks to compel Defendant to disclose financial records concerning its assets. Under Missouri Revised Statute § 510.263(8), "[d]iscovery as to a defendant's assets shall be allowed only after a finding by the trial court that it is more likely than not that the plaintiff will be able to present a submissible case to the trier of fact on the plaintiff's claim of punitive damages." The Court will grant Defendant's motion to file its opposition out of time, for good cause shown, and has considered its merits.

Based on the record before it, the Court cannot conclude that it is more likely than not that Plaintiff has "clear and convincing proof that the defendant intentionally acted 'either by a wanton, willful or outrageous act, or reckless disregard for an act's consequences (from which evil motive is inferred).'" *Howard*, 332 S.W.3d at 788. As discussed above, several material

7

facts are open to two reasonable interpretations, but the Court, at this time, does not believe that Plaintiff's interpretation is more likely than Defendant's. Thus, the Court will deny Plaintiff's Motion to Compel without prejudice to refiling as the case proceeds.

## Conclusion

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff Gregory Brown's Motion for Partial Summary Judgment (Doc. 33), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Therapy Management Corporation's Amended Motion for Partial Summary Judgment (Doc. 45), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Leave to File Opposition to Plaintiff's Motion to Compel Outside of Time (Doc. 54), is **GRANTED**.

**IT IS FINALLY ORDERED** that that Plaintiff's Motion to Compel Financial Discovery (Doc. 37), is **DENIED**.

Dated this 14th day of September, 2018.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE