UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| GREGORY L. BROWN, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | Case No. 4:17-cv-01247-JAR |
|  | ) |  |
| THERAPY MANAGEMENT | ) |  |
| CORPORATION, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**MEMORANDUM AND ORDER**

At Plaintiff's request, the Court ordered the parties to submit briefing as to the relevant burden of proof for allegations of discrimination and retaliation in violation of the Missouri Human Rights Act ("MHRA"). (Doc. 83.) The parties have done so (Docs. 84-86), and the issue is now ripe for consideration.

**Background**

*I.    The Alleged Discrimination and Retaliation*

Plaintiff is a fifty-year-old licensed Physical Therapy Assistant ("PTA") who began working for Defendant in May, 2015. Plaintiff has been legally blind since the age of ten and cannot drive, so he would usually walk the short distance from his home to Defendant's Southbrook facility.

Although he was hired on a part-time, as-needed basis, Plaintiff routinely expressed his interest in a full-time PTA position. Plaintiff's program director assured Plaintiff that "she was working on getting him a full-time position and acknowledged that he was qualified for that position." In November, 2015, when one of Defendant's full-time PTA's left her position,

1

Plaintiff reiterated his interest. Two days later, Plaintiff was told that the position had been filled.

Defendant's Area Manager explained to Plaintiff that "the reason we felt he was not the right fit for the position" was that he was unable to "drive between" Defendant's multiple facilities in Farmington and St. Genevieve, Missouri. Plaintiff claims he told the Area Manager that he could travel between facilities so long as it was not an everyday occurrence. The newly hired full-time PTA held that position from November 2015 through April 2018—nearly two and one half years—and worked away from the Southbrook location only once: a four-day stretch totaling less than twenty-two hours of work.

On April 30, 2016, believing that Defendant's decision not to hire him for the full-time position was improperly based on his disability, Plaintiff filed a charge of discrimination with the Missouri Commission on Human Rights. In the months following, Plaintiff's part-time hours dropped dramatically. Plaintiff filed suit on March 1, 2017, alleging discrimination and retaliation in violation of the Missouri Human Rights Act ("MHRA") and Title VII of the Civil Rights Act of 1964, seeking compensation including punitive damages. (Doc. 5.)

## II. The 2017 Amendment of the MHRA

At the time Plaintiff was passed over for the full-time position, proof of an MHRA violation hinged on a plaintiff's ability to show that "consideration of age, disability, or other protected characteristics *contributed* to the unfair treatment." *Daugherty v. City of Maryland Heights*, 231 S.W.3d 814, 819 (Mo. 2007) (emphasis added), *overturned due to legislative action*. In 2017, the MHRA was amended such that all claims accruing after August 28, 2017, are subject to a stricter "motivating factor" standard. *Jordan v. Bi-State Dev. Agency*, 561 S.W.3d 57, 59 n.1 (Mo. Ct. App. 2018), *reh'g and/or transfer denied* (Sept. 24, 2018), *transfer*

*denied* (Dec. 4, 2018). Under the new standard, the plaintiff's protected characteristics must have *motivated* the unfair treatment.

The amendment to the HRCA creates two points of disagreement between the parties: first, whether Plaintiff's discrimination claims are subject to the "contributing factor" or "motivating factor" standard; and second, whether Plaintiff's retaliation claims—which Plaintiff alleges continued up to the date he filed suit and therefore straddle the effective date of the amendment—are subject to different standards depending on when they accrued.

**Legal Standards**

In Missouri, statutes cannot be applied retroactively. Mo. Const. art. I, § 13; Mo. Rev. Stat. § 1.170. Missouri courts have long recognized only two exceptions: "(1) where the legislature manifests a clear intent that it do so, and (2) where the statute is procedural only and does not affect any substantive right of the parties." *State ex rel. St. Louis-S.F. Ry. Co. v. Buder*, 515 S.W.2d 409, 410 (Mo. 1974). Defendant does not argue that the first exception applies but does argue that the amendment was not substantive. Substantive changes "take away or impair vested rights acquired under existing laws, or create a new obligation, impose a new duty, or attach a new disability in respect to transactions or considerations already passed" *Id*. (citing *Barbieri v. Morris*, 315 S.W.2d 711, 714 (Mo. 1958)).

**Discussion**

*1. Discrimination*

Plaintiff's discrimination claim accrued in November 2015 when he learned that he had not been selected for the full-time position, well before the 2017 amendment to the MHRA. *Harlston v. McDonnell Douglas Corp.*, 37 F.3d 379, 382 (8th Cir. 1994) ("Claims based on discriminatory hiring accrue on the date the employee is notified of the employer's decision."); *St. Louis-S.F. Ry*, 515 S.W.2d at 410. Accordingly, the appropriate standard of proof turns on

whether the amendment is substantive, as Plaintiff argues, in which case the pre-amendment "contributing factor" standard is used, or merely procedural, as Defendant asserts, in which case the stricter post-amendment "motivating factor" standard applies retroactively.

Plaintiff argues that the standard of proof for any claim "is the heart and substance" of that claim. (Doc. 84 at 8.) He asserts that Missouri's pre-amendment standard of proof made it a "zero tolerance" state in which any consideration of an employee's disability was prohibited and that when the Legislature amended the standard of proof, it impaired the employee's vested right to sue for discrimination and created a new obligation for MHRA plaintiffs at trial. (Doc. 84 at 5-8.)

In support, Plaintiff cites to a case from the Western District of Missouri and a case from the Missouri Court of Appeals. In *Hurley v. Vendtech-SGI, LLC*, No. 16-01222-CV-W-ODS, 2018 WL 736057, at *4 (W.D. Mo. Feb. 6, 2018), the District Court for the Western District of Missouri answered the question directly: "A statute's modification of the burden of proof . . . is substantive." (citing *Demi v. Sheehan Pipeline Constr.*, 452 S.W.3d 211, 215 (Mo. Ct. App. 2014) (finding the Missouri Supreme Court's alteration to the burden of proof required for a worker's compensation retaliation claim—from "exclusive cause" to "contributing factor" was a substantive change in the law)); *see also Lawson v. Ford Motor Co.*, 217 S.W.3d 345, 349-50 (Mo. Ct. App. 2007) (finding the modification of the claimant's burden of "substantial factor" to "prevailing factor" to qualify as a compensable injury under the worker's compensation law was substantive, and therefore, could not be applied retrospectively). In *Bram v. AT&T Mobility Servs., LLC*, 564 S.W.3d 787, 795 (Mo. Ct. App. 2018), the Missouri Court of Appeals held that "[t]he amendments effected a substantive change in the law by altering what constitutes

prohibited discrimination under the MHRA" and would "eliminate some causes of action for discriminatory acts that were previously actionable under Missouri law."

Defendant responds that neither *Hurnley* nor *Bram* is binding on this Court. (Doc. 85 at 3.) Instead, Defendant cites *State v. Thomaston*, 726 S.W.2d 448, 461 (Mo. Ct. App. 1987), which held that "[t]here is no vested right in a rule of evidence, and a statute relating solely to procedural law, such as burden of proof and rules of evidence applies to all proceedings after its effective date even though the transaction occurred prior to its enactment." (*Id.*) In addition, Defendant argues that the amendments do not create or eliminate any rights or duties and therefore are not substantive changes. (*Id.* at 4.) In short, Defendant argues that "[t]he right to employment that is free from discrimination and retaliation remains unchanged" and that "changes to burdens of proof are procedural in nature." (*Id.*)

The Court concludes that a change to the burden of proof affects the "vested rights acquired under existing laws." *St. Louis-S.F. Ry.*, 515 S.W.2d at 410. Specifically, the Court finds that under the pre-amendment MHRA, employees had a right to be free from employment decisions in which the employee's "age, disability, or other protected characteristics *contributed* to the unfair treatment." *Daugherty*, 231 S.W.3d at 819. That is substantively different than a right to be free from unfair treatment *motivated* by one's protected characteristics. Defendant is correct that "[t]he right to employment that is free from discrimination and retaliation remains unchanged" (Doc. 85 at 4), but the universe of employer conduct that constitutes discrimination or retaliation did change.

The Court also notes that Defendant argues that the Court is not bound by Plaintiff's proffered case law and then offers its own, older, nonbinding case. The Court believes Plaintiff's cases are better reasoned. Ultimately, the Court finds that the change was substantive and that

5

therefore the "contributing factor" standard applies to all claims that accrued prior to August 28, 2017, including Plaintiff's discrimination claim. *St. Louis-S.F. Ry*, 515 S.W.2d at 410.

### 2. Retaliation

It is less clear which standard applies to Plaintiff's retaliation claim. Defendant argues that, because Plaintiff alleges "ongoing and continuing retaliation, up to and including the [date he filed suit]," his claim is subject to both standards of review—"contributing factor" for all instances of retaliation occurring before the amendment went into effect and "motivating factor" for any instance that took place after. (Doc. 85 at 6 (quoting Doc. 5).) Plaintiff does not oppose Defendant's assertion.[1]

Neither party cites case law helpful in determining how to apply a changed standard of proof to ongoing retaliation, but Defendant points to *Johnson Dev. Co. v. First Nat. Bank of St. Louis*, 999 S.W.2d 314, 318 (Mo. Ct. App. 1999), which discussed statutes of limitations under Missouri's "continuing or repeated wrong rule": "[E]ach continuation or repetition of wrongful conduct may be regarded as a separate cause of action for which suit must be brought within the period beginning with the occurrence." (citations omitted). Applying the reasoning of the repeated wrong rule and in light of Plaintiff's representation that it does not contest Defendant's proposed application of both standards, the Court will treat each alleged instance of retaliation as a separate cause of action and will apply the "contributing factor" standard to all instances of retaliation occurring before August 28, 2017, and the "motivating factor" standard for any instance that took place after.

### Conclusion

For the foregoing reasons,

---

[1] "[I]t would also likely force the Defendant to articulate the different standards to the jury at trial. Plaintiff would obviously not object to this result at trial as it would basically result in the Defendant arguing Plaintiff's case on his behalf." (Doc. 86 at 5-6.)

**IT IS HEREBY ORDERED** that the pre-amendment "contributing factor" standard applies for Plaintiff's discrimination claim as well as all retaliation claims that took place before August 28, 2017, and that all other retaliation claims are subject to the post-amendment "motivating factor" standard.

Dated this 9th day of May, 2019.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE